904 F.2d 706
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Richard E. CHITWOOD and Emma A. Chitwood, Plaintiffs-Appellants,
v.
John C. McLEMORE, Trustee In Bankruptcy for Circle W. Dairy
Farms, et al. Defendant-Appellee.
 No. 88-6203.
 United States Court of Appeals, Sixth Circuit.
 June 6, 1990.
 
 Before NATHANIEL R. JONES and KRUPANSKY, Circuit Judges, and JOHN W. PECK, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Plaintiffs appeal the order denying their motion to set aside the entry of summary judgment for defendant on grounds of collateral estoppel in this diversity action for conversion of property.
 
 I.
 
 2
 On September 26, 1982, the debtors Willard and Ivanelle Weaver and Circle W. Dairy Farms filed for bankruptcy in United States Bankruptcy Court for the Middle District of Tennessee. John C. McLemore was appointed as bankruptcy Trustee. Prior to the declaration of bankruptcy, the Chitwoods had leased cattle to the Weavers doing business as Circle W. Dairy Farms. They claim that before September 1982, the leases came into default due to non-payment and were thus terminated under the terms of the lease and by agreement between the parties. McLemore contends that the leases were not terminated prior to October 1982. It is undisputed that the Chitwoods directed that certain cattle be removed to a third party's farm and that McLemore retrieved these cattle and returned them to the Weaver farm. After his appointment as bankruptcy trustee for the Weaver estate, McLemore managed the herd on the Weaver's farm until he sold the cattle in February 1983.
 
 
 3
 McLemore notified all creditors of the sale and applied to the Honorable George Paine, United States Bankruptcy Judge, for an order authorizing the sale of the cattle free and clear of all rights and claims, by lien, ownership or otherwise. The Chitwoods filed and served written objections to the sale, but the objections were withdrawn. Judge Paine held a hearing on February 15, 1983 and subsequently entered an order authorizing the sale of the cattle. The sale was later confirmed by the Honorable Thomas A. Wiseman in an order dated May 20, 1983.
 
 
 4
 The Chitwoods then commenced this action in the United States District Court for the Eastern District of Michigan, alleging that the Trustee's sale constituted conversion of his cattle. Meanwhile, in November of 1987, McLemore filed a complaint in the United States Bankruptcy Court seeking equitable subordination of the Chitwoods' claims and interests in the Weaver's estate. Judge Paine issued an order to that effect, specifically finding "that the cows on the Weaver farm were there as a result of leases with various persons or were owned by Weaver and subject to duly perfected security interests of creditors. Those cattle were indiscriminatorily branded without any attempt being made to determine the true interest holder." The court found the Chitwoods guilty of misconduct resulting in injury to the creditors of the estate and loss to claimants and interest holders whose cattle could not be accurately identified. McLemore then filed a motion for summary judgment in the district court. The court, which granted the motion, held that the Chitwoods were precluded from bringing their conversion claims in district court because they had been given the opportunity to litigate those claims before the bankruptcy court. The Chitwoods filed timely notice of appeal on October 14, 1989.
 
 II.
 
 5
 We review de novo the decision of the district court to grant summary judgment. Celotex Corp. v. Catrett, 477 US 317 (1986). Fed.R.Civ.P.Rule 56 provides that a court may enter summary judgment on a claim if "there is no genuine issue as to any material fact and ... the moving party is entitled to judgment as a matter of law." "The moving party is 'entitled to a judgment as a matter of law' [where] the nonmoving party has failed to make a sufficient showing on an essential element of her case...." Celotex, 477 U.S. at 323 (citation omitted). The non-moving party cannot merely rest on the allegations of the pleadings, but must present " 'significant probative evidence tending to support the complaint.' " Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (quoting First National Bank of Arizona v. Cities Service Co., 391 U.S. 253, 290 (1968).
 
 
 6
 The Chitwoods contend that there is no identity of issues between the equitable subordination hearing before the bankruptcy court and the instant action. They argue that the issue of cattle ownership was not specifically determined and that the bankruptcy court was not called upon to determine McLemore's liability for conversion. The district court held that:
 
 
 7
 the issue of cattle ownership was in dispute at the bankruptcy proceeding. If the plaintiffs had proved that they owned the cattle at the November bankruptcy hearing, Judge Paine would not have granted the Trustee's request for equitable subordination.
 
 
 8
 In order to establish that subordination is appropriate, McLemore had to prove that: (1) the claimant engaged in some type of inequitable conduct; (2) the misconduct resulted in injury to the creditors of the bankrupt or conferred an unfair advantage to the claimant; and (3) the equitable subordination of the claimant was not inconsistent with the provisions of the bankruptcy code. Benjamin v. Diamond (In Re Mobile Steel Co.), 563 F.2d 692, 700 (5th Cir.1977); see also In re B & L Laboratories, 62 B.R. 494, 510 and n. 36 (M.D.Tenn.1986). If the plaintiffs had proved that the Trustee was liable for converting cattle owned free and clear by the Chitwoods, equitable subordination of the plaintiffs claim would be inconsistent with the bankruptcy code. Thus, the question of whether the Chitwoods owned the cattle was clearly an issue in the bankruptcy proceeding. Indeed, Judge Paine determined that at the time defendant Trustee found the cattle on the farm, the cattle had been "indiscriminately branded without any attempt being made to determine the true interest holder."
 
 
 9
 J.App. at 48.
 
 
 10
 The doctrine of res judicata provides that if a demand or claim in controversy has been litigated in a prior suit, "judgment estops not only as to every ground of recovery or defense actually presented in the action, but also as to every ground which might have been presented." James v. Gerber Products Co., 587 F.2d 324, 328 (6th Cir.1978). Collateral estoppel applies when specific issues have been litigated in a previous action involving a different claim in controversy between the same parties or their privies. Tippler v. E.I. DuPont deNemours and Co., 443 F.2d 125, 128 (6th Cir.1971).
 
 
 11
 In Chicot County Drainage District v. Baxter State Bank, 308 U.S. 371 (1940), the Supreme Court held that each party to a bankruptcy proceeding must raise all relevant issues and claims at that time. The Chitwoods argue that Chicot does not apply to their claims because failure to assert a counterclaim does not bar its subsequent assertion as an independent claim for relief when the counterclaim is not compulsory. However, the legal test for determining claim preclusion is not whether the five counts of the Chitwood's claim are compulsory counterclaims under Fed.R.Civ.P. 13(a). The "common-law compulsory counterclaims rule" also forecloses a subsequent claim when allowance of a subsequent action would so plainly operate to undermine the initial judgment that the principle of finality requires preclusion of such an action. Circle v. Jim Walter Homes, Inc., 654 F.2d 688 (10th Cir.1981). In Circle, home buyers brought suit for alleged violations of the Uniform Commercial Credit Code. The court held the suit was barred by a prior foreclosure suit: "The same basic set of facts, of course, may constitute both a defense to a claim by an opposing party and the basis of a lawsuit against that party." Id. at 691. The court ruled that the common-law compulsory counterclaim rule precluded the subsequent suit, even though the claims for Uniform Commercial Credit code violations were not compulsory counterclaims in connection with the foreclosure suit.
 
 
 12
 In the instant case, we find that the district court correctly determined that the Supreme Court's decision in Chicot applies because the Chitwoods' claims are predicated upon the same facts which gave rise to the trustee's equitable subordination claim. The central issue in both cases was ownership and rights to the particular cattle. That issue was decided by the bankruptcy court adversely to the Chitwoods. Relitigation would only serve to undermine the bankruptcy court judgment and disturb settled rights in contravention of the law of collateral estoppel.
 
 III.
 
 13
 For the foregoing reasons, we AFFIRM the judgment of the district court.